**Anne Howe Billings HARWELL, Plaintiff-Appellee,**

v.

**Coleman Alexander HARWELL II, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Nov. 28, 1980.

Certiorari Denied by Supreme Court Feb. 23, 1981.

Tom H. Proctor, Jr., Nashville, for plaintiff-appellee.

Lionel R. Barrett, Jr., P. C., Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

Defendant has appealed from a judgment of the Trial Court awarding plaintiff an absolute divorce, custody of the minor children, $1200 per month child support, $12,500 attorneys fee, and the Court's refusal to stay the sale of the parties' home pending appeal.

Defendant has presented for our consideration four issues. We first discuss issue I.

### ISSUE I

Whether or not the trial court erred in finding the Husband-Appellant guilty of cruel and inhuman treatment so as to justify the awarding of a divorce from bed and board or of an absolute nature to the Wife-Appellee.

This case comes to us from a trial before the Trial Judge without the intervention of a jury; there is, therefore, a presumption of the correctness of the judgment below and that judgment will be affirmed unless there is an error of law or unless the evidence is found by this Court to preponderate against the judgment below. *Smith v. Jarnagin*, 58 Tenn.App. 668, 674, 436 S.W.2d 310, 313 (1968); T.C.A. § 27–303; Rule 13(d) TRAP.

In the case at bar the Trial Judge, after considering all pleadings, testimony of all witnesses, documentary evidence, stipulations, depositions, and argument of counsel, found that defendant "had been guilty of such cruel and inhuman treatment or conduct toward plaintiff as renders further cohabitation unsafe and improper." Our review of this record discloses ample evidence to support this finding.

Plaintiff testified that defendant had, for no apparent reason, called her a "bitch"; that he had said he was sorry that he had wasted six years of his life with her; that he had caused her embarrassment in front

of other people by being "very disrespectful of me and to me"; that on November 19, 1977, the parties had an argument which created so much noise that both children were awakened and during the argument the parties' older child saw defendant attempt to push plaintiff down the stairs; that on one occasion she had several bruises on her arm, caused by defendant striking her; that on or about November 6, 1977, defendant "kicked me [plaintiff] very hard on my bottom" and as a result, she had very large bruises; that over the years of the parties' marriage plaintiff was unable to make plans because defendant was so undependable; that on one occasion, while the parties were living in Connecticut, defendant became angry with plaintiff, took her by the arm, led her out of the apartment and then locked the door, and she was forced to spend the night in their automobile.

While defendant denies certain of these episodes occurred and states that he does not recall others, he does admit to some of them.

■ The judgment here was based upon oral testimony. The Trial Judge's findings and judgment were the result of his assessment of the credibility of the parties. Although the facts he found were based, at least in part, on disputed evidence, such findings on review must be regarded as conclusive. In a case tried without a jury, the question of credibility of the witnesses is exclusively for the trial judge trying the case and cannot be reviewed by the appellate courts. *Allen v. Goldstein*, 40 Tenn.App. 308, 325, 291 S.W.2d 596, 603 (1956).

■ Defendant contends that the evidence in this case does not justify a divorce on grounds of cruel and inhuman treatment. We disagree. Plaintiff has shown a lack of actual physical safety. Defendant has attempted to push her downstairs on at least one occasion. He kicked her and had hit her on the arm. On another occasion he locked her out of her house and it was necessary for her to spend the night in their automobile. There is evidence that plain-

tiff had been a bright, outgoing, friendly person who was warm and sensitive, and had, because of her marital problems, become "tense and nervous and weepy." Her temperment has markedly changed. Cruel and inhuman treatment may be shown by an actual physical lack of safety, danger, and indignity to the wife or husband, *Loy v. Loy*, 25 Tenn.App. 99, 107, 151 S.W.2d 178, 184 (1941), and it may be accomplished in "subtle and insidious" ways through continuous mistreatment and indignity of a much more refined character. *Newberry v. Newberry*, 493 S.W.2d 99, 101 (1973).

We are unable to find any error on the part of the Trial Judge in granting plaintiff an absolute divorce upon the grounds of "cruel and inhuman treatment." Issue I is without merit.

## ISSUE II

Whether or not the trial court erred in adopting the Special Master's recommendation that the amount of $1200.00 per month be paid in child support from the Husband to the Wife.

The Trial Judge referred the issue of child support to a Special Master. The Master, after considering the evidence in the trial record and "additional evidence presented to the Master," determined that support for the two minor children should be $1200 per month. Defendant moved that certain parts of the Master's report, including the awarding of $1200 per month child support, be modified. The Trial Judge overruled defendant's motion and confirmed the Master's report "in all particulars" and set child support at $600 per month for each child.

■ Defendant makes the bare assertion that the award is excessive. Under all of the facts and circumstances we are of the opinion that the child support set by the Trial Judge is reasonable. Defendant, in 1978, had dividend and interest income in excess of $20,000. His net worth is in excess of $150,000 which does not include one-half of the equity in the parties' home, which has an estimated value of some $90,-

000. While defendant is not gainfully employed, other than playing music in a band and writing songs, he has a Masters degree in both education and architecture.

This Court, in *Atchley v. Atchley*, 29 Tenn.App. 124, 128–29, 194 S.W.2d 252, 254 (1946), cited with approval the following statement from *Jackman v. Short*, 165 Or. 626, 109 P.2d 860 (1941):

> Most men are able to support their children. They willingly change from a nonprofitable to a profitable occupation if necessary; they resort to borrowing, to self-sacrifice; they stint themselves, and even go hungry before subjecting their children to want. This being true, and the opposite being almost a phenomenon, we have the basis for a strong inference that the defendant, in the absence of some unusual circumstances, must have had the means to provide for his children.

■ The trial court is vested with wide discretion in awarding support for minor children, and this Court will not interfere except upon a clear showing that the trial court erred in exercising its discretion. *Marmino v. Marmino*, 34 Tenn.App. 352, 355, 238 S.W.2d 105, 107 (1950). Our review of this record fails to disclose that the Trial Judge erred. This issue is without merit.

## ISSUE III

Whether or not the trial court erred in awarding the amount of $12,500.00 in attorneys fees and/or alimony in solido to the attorney representing the Wife.

Defendant does not contend that the fee is unreasonable, only that plaintiff is financially able to provide counsel and it was, therefore, error to order defendant to pay her counsel's fee.

Judge Todd, writing for the Court in *Ligon v. Ligon*, 556 S.W.2d 763, 768 (Tenn.App.1977), stated:

> Ordinarily, if the wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client.

> If the wife is financially unable to procure counsel, then it is in order for the Court to require the husband to pay such fees pendente lite as are necessary to secure the services of counsel for her.

> If, in the final decree, the wife is awarded alimony in solido adequate for her needs and attorneys fees, there is again no occasion for the Court to fix a fee, which should be set by agreement of counsel and client. This principle does not, of course, deprive the Trial Judge of the discretion to fix attorneys fees in proper cases.

> Where, however, the final decree does not provide funds out of which counsel may reasonably be paid, it is in order for the Court to award to the wife as additional alimony such amount as will reasonably enable her to pay reasonable compensation to her counsel.

Plaintiff, as of the date of trial, had a savings account of $11,667.23 and a checking account of $190.13. She owned shares of stock worth some $39,000 and a one-third interest in other shares of stock worth some $60,000. From these stocks she had an income of some $4,000 in 1978. The record discloses no other income. Plaintiff does not have assets, without depleting the source of her income, with which to pay her counsel's fee.

■ The final decree does not, except for counsel's fees, award plaintiff either periodic alimony or alimony in solido. It was in order for the Trial Judge to award plaintiff her counsel's fee. This issue is without merit.

## ISSUE IV

Whether or not the trial court erred in ordering the sale of the parties' real property prior to the decision in this appeal.

This issue is, likewise, without merit. On May 19, 1980, an order was entered in this Court which stayed the "sale of the jointly-owned home of the parties until further order of this Court."

It results that each of the issues is without merit. The judgment of the Trial Court is affirmed with costs to defendant.

The case is remanded to the Trial Court for collection of costs, implementation of its judgment, and any other necessary proceedings.

TODD, P. J., and CANTRELL, J., concur.