## IN THE COURT OF APPEALS FOR TENNESSEE

## WESTERN SECTION AT KNOXVILLE

FILED

**September 9, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

HAROLD WAYNE GIBSON and wife,　)
SYLVIA GIBSON,　　　　　　　　　)　　　SULLIVAN CHANCERY
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs/Appellants　　)　　　NO. 03A01-9601-CH-00019
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
KIT G. McGLOTHLIN, d/b/a/　　　　)
KIT McGLOTHLIN BUILDERS, INC.,　)
and KIT G. McGLOTHLIN d/b/a　　　)
McGLOTHLIN BUILDERS, INC.,　　　)
and McGLOTHLIN BUILDERS, INC.,　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants/Appellees　　　)　　　AFFIRMED.


Mark S. Dessauer, Kingsport, For the Appellants.

Larry Roberts, Kingsport, for the Appellees.


### O P I N I O N

_____INMAN, Senior Judge

This is an action for damages for breach of a construction contract and of an implied warranty of good workmanship and materials and for negligent construction.

In November 1992 the parties entered into a contract whereby the defendant agreed to provide the labor necessary to construct a residence on a lot owned by the plaintiffs in accordance with the plans and specifications furnished to him.[1]

The plaintiffs paid the defendant the contractual amount and took possession of the house, thereafter presenting to him a punch list of alleged defects in the construction. Specifically, they complained that the defendant constructed a deck rather than a porch, contrary to the plans and specifications; failed to properly install vinyl siding; failed to install various doors properly; and failed to level the floors. Various other defects were alleged.

The defendant denied that he failed to construct the house in a workmanlike

---

[1]Labor costs were $26,950.00.

manner or that he was guilty of negligence.  He alleged that the plaintiffs were negligent, and that any damages they incurred should be apportioned under principles of comparative fault.  He further alleged that any deviation from the building plan was requested by the plaintiffs or agreed to by them.

The plaintiffs presented evidence of 36 alleged defects in the finished product, some involving defective workmanship, some involving defective materials, some involving deviations from the building plan, and some involving negligence in the construction.

A major issue involved the porch.  The plaintiffs insist that the defendant constructed a deck rather than a porch, as the plans provided, in that salt-treated decking was used in lieu of tongue and groove planking, pickets rather than posts were used, landscaping posts were installed in lieu of columns, with certain other lesser changes.  It is not disputed that the defendant deviated from the building plan in these particulars; the defendant says that the plaintiffs agreed to the changes and deviations, otherwise there was no reason to have done so.  Moreover, he says that the alleged porch problems were never mentioned until this lawsuit was filed and specifically that none was listed on the punch list.

The Chancellor found that the plaintiffs agreed to the porch changes.  Our review is *de novo* on the record accompanied by a presumption of correctness unless the evidence otherwise preponderates, TENN. R. APP. P., RULE 13(d), and we cannot find that the evidence preponderates against this finding.  Superimposed is the issue of the credibility of those testifying, concerning which we know nothing, that being the prerogative of the Chancellor.  *Harwell v. Harwell,* 612 S.W.2d 182 (Tenn. Ct. App. 1988).

The appellant complains of the action of the Chancellor in finding that "the appropriate method is through breach of warranty and not negligence," thereby limiting the plaintiffs' theory of recovery.  We have no quarrel with the plaintiff's argument that Tennessee law recognizes the tort of negligent construction; we doubt its application to the peculiar facts of this case, since the parties rights, duties and liabilities arise out of the written contract, the breach of which encompasses all of the

2

alleged negligent acts of the defendant. Stated differently, it makes no difference how the theory of recovery is styled; plenary relief may be accorded the plaintiffs under a breach of contract theory or breach of implied warranty. Assuming the evidence supported a claim of negligent construction, as the plaintiffs urge, the same evidence would support a claim for breach of contract or implied warranty. *See e.g., Cole v. Clifton,* 833 S.W.2d 75 (Tenn. Ct. App. 1992).

The appellants next complain that the Chancellor erred in excluding the testimony of Linda Helton, whom they presented as an expert in the building trade.

The expertise of the witness was questioned upon her *voir dire*, and the Chancellor reserved judgment on objections to her testimony. She testified about the deck, that the house was not level, that the chimney top was not level, and to various other defects, all attributable to poor workmanship, which she opined would cost $97,942.23 to correct.[2] The Chancellor sustained the objections to her testimony after the fact, stating that "It's obvious to the Court the witness showed a complete lack of necessary knowledge to qualify her as an expert. [She] had no reasonable basis for her opinion." Aside from the fact that a careful reading of her testimony tends to reveal serious questions about her qualifications, it is well-settled in this state that a trial court has wide discretion in the premises, and we cannot say that the Chancellor abused his discretion in disallowing her testimony. *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439 (Tenn. 1992). Moreover, the credibility of this witness was obviously a pivotal issue. *Harwell, supra.*

The plaintiffs next complain that the Chancellor applied the inappropriate measure of damages, which is alleged to be the cost of repairs unless a substantial tearing down and rebuilding of the structure is indicated, in which event the damages are the difference between the value of the defective structure and that of the structure properly completed. We think the proper measure of damages in this case is the reasonable cost of repairs. *See Estate of Jessee v. White,* 633 S.W.2d 767 (Tenn. Ct. App. 1987). This is the measure applied by the Chancellor, who detailed the following defects as being in breach of warranty and capable of repair for the

_____

[2]The house cost $137,676.63, inclusive.

3

costs appearing:

| | |
|---|---|
| Porch (painting and repairs to lights) | 550.00 |
| Vinyl problems for the porch and house | 500.00 |
| Basement (caulking, bracing stair and door repairs) | 50.00 |
| Truss (cut web repairs) | 75.00 |
| Shutter | 20.00 |
| Back steps | 50.00 |
| Front door (paint and weather stripping) | 25.00 |
| Back door (weather stripping) | 75.00 |
| Lattice work (paint and repair) | 200.00 |
| Brick columns supporting porch | 200.00 |
| Porch posts (repair and paint) | 120.00 |
| Inside repairs (sheet rock, second floor stairs and banister, trim, kitchen cabinets, one strike plate, caulking and sealing electrical outlets, tub repairs and painting) | 1,000.00 |
| TOTAL COST OF REPAIRS | $2,865.00 |

We have reviewed the testimony and cannot find that the evidence preponderates against these findings. *Harwell, supra.* The judgment is accordingly affirmed at the cost of the appellants.

_____
William H. Inman, Senior Judge

CONCUR:


_____
W. Frank Crawford, Presiding Judge (W.S.)



_____
D. Ray Farmer, Judge

4