# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

_____

**JOLEEN DANIELLE BEDDOW CRESON,**

      Plaintiff-Appellee,

Vs.

**TAMMY LYNN CRESON,**

      Defendant-Appellant.

Shelby Equity No. D25936-1
C.A. No. 02A01-9801-CH-00002

**FILED**

**February 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

### FROM THE CHANCERY COURT OF SHELBY COUNTY
### THE HONORABLE NEAL SMALL, CHANCELLOR

James D. Causey, Jean E. Markowitz of Memphis
For Appellee

Eugene G. Douglass, Jr. of Barlett
For Appellant

***REVERSED IN PART, AFFIRMED IN PART AND REMANDED***

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**DAVID G. HAYES, JUDGE**

This is a divorce case concerning the allocation of marital debts, attorney's fees, and child support. Defendant-Appellant, Tammy Lynn Creson (Husband), appeals from the judgment of the trial court awarding Plaintiff-Appellee, Joleen Danielle Beddow Creson (Wife),

$5,000.00 in attorney's fees, $586.43 in monthly child support, and ordering him to pay the marital debts.

The parties were married on January 27, 1993. At the time of the marriage, Wife was twenty-three years of age, and Husband was thirty-five. A son, who was four and a half at the time of the divorce hearing, was born of the marriage. It was the second marriage for both parties, and neither party had children from prior marriages. The parties both have high school educations and are in good physical and mental condition. Wife is twenty-eight years of age and is employed at Equitable Agri-Business. She earns approximately $21,000.00 per year with a gross monthly salary of $1,750.00 and a net monthly salary of $1,506.36. Husband is forty-one years of age and is employed as a truck driver for Keebler Company. His gross monthly salary is $2,399.00 with a net monthly salary of $970.00 after monthly deductions including a deduction of $760.00 due to his Chapter 13 bankruptcy filing. Moreover, Husband has additional income of $300.00 per month from a renter residing in his residence, and he also has additional income of approximately $400.00 per month during the spring and summer months earned from his lawn service business.

On June 31, 1995, the parties separated, and on July 20, 1995, Wife filed a complaint for divorce alleging irreconcilable differences and inappropriate marital conduct. On December 19, 1996, Husband filed an answer admitting irreconcilable differences while denying inappropriate marital conduct. In addition, on January 21, 1997, Husband filed a counter-complaint for divorce alleging irreconcilable differences and inappropriate marital conduct. Wife's answer denies the inappropriate marital conduct allegation.

After a hearing, a Final Decree of Divorce was entered by the trial court on December 4, 1997. The trial court granted both parties a divorce pursuant to T.C.A. § 36-4-129. Joint custody of the parties' child was ordered by consent of the parties with Wife designated as the primary custodial parent and Husband awarded visitation. Wife was awarded child support in the amount of $586.43 per month and was awarded $5,000.00 in attorney's fees as alimony *in solido*. Moreover, Husband was ordered to pay Wife $5,000.00 as her portion of the equity in the marital residence in return for Wife's execution of a quit claim deed transferring all of her right, title and interest in the residence to Husband. The court ordered that Husband be responsible for the payment of all marital debts as support and maintenance for Wife and ordered

2

Husband to reimburse Wife for money she had paid on a Chevy Chase Mastercard account and a NBC bank loan.

Husband perfected this appeal and presents the following issues for our review:

(1) Whether the trial court erred in ordering Husband responsible for all of the marital debts.
(2) Whether the trial court erred in ordering Husband to pay $5,000.00 to Wife for a portion of her attorney's fees as alimony *in solido*.
(3) Whether the trial court erred in awarding Wife $586.43 in monthly child support based on Husband's income.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

## Marital Debts

Husband contends that the trial court erred in ordering him responsible for all of the marital debts and ordering him to reimburse to Wife any amount that she had previously paid toward them. He submits that the proof at trial revealed that the two debts at issue, the Chevy Case Mastercard debt and the NBC debt, were joint marital bills. He argues that most of the debts involved either the parties' child, the parties jointly, or Wife individually and that there was no proof that he alone used or individually benefitted from the charges. Furthermore, Husband submits that Wife is in much better financial condition to pay all or a portion of the marital debts given the financial status of the parties.

Wife asserts that the evidence does not preponderate against the trial court's decision concerning the division of the marital debts. She argues that there was no proof that she solely benefitted from the debts in question. She also contends that Husband is in better financial condition to pay the debts in question since most of the remaining marital debt will be discharged in bankruptcy and since Husband has the financial ability to pay the debts. Wife argues that she does not have the ability to pay the debts given the fact that she has other debts which she is responsible for and should not be forced to use the child support award to pay the debts.

Trial courts have broad discretion in dividing the marital estate in a divorce proceeding. *Kincaid v. Kincaid*, 912 S.W.2d 140, 143 (Tenn. App. 1995). Marital debt should be allocated

in the same manner as marital assets and should be considered when making an equitable division of property. *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. App. 1996).

Marital debts are those debts incurred during the marriage for the joint benefit of the parties. *Mondelli v. Howard*, 780 S.W.2d 769, 773 (Tenn. App. 1989). The trial court should first separate individual debts from marital debts, *Herrera*, 944 S.W.2d at 389 (citing *Batson v. Batson*, 769 S.W.2d 849 (Tenn. App. 1988)), and then divide only the marital debts. *Mondelli*, 780 S.W.2d at 773. When dividing marital debts, courts should consider the following factors: "(1) which party incurred the debt and the debt's purpose; (2) which party benefitted from incurring the debt; and (3) which party is best able to assume and repay the debt." *Id.* (citations omitted).

From a review of the record, the debts in question are marital debts. Given the nature of the debts in question and in consideration of the above enumerated factors, we find that the trial court abused its discretion in holding Husband solely responsible for the debts in question and in ordering Husband to reimburse Wife for amounts paid toward such debts. Even though there is conflicting testimony by both parties concerning the debts, it is apparent that both parties incurred the debts, both benefitted from the debts, and both have the ability to assume and repay the debts. Thus, Husband and Wife should be held equally responsible for the Chevy Chase Mastercard debt and the NBC debt. As to the amount that Wife has paid toward such debts, this amount should be taken into consideration in allocating the marital debts equally between the parties.

**Attorney's Fees**

The trial court ordered Husband to pay $5,000.00 of Wife's attorney's fees leaving her with a balance of approximately $3,500.00 to pay. Husband contends that the trial court erred in ordering him to pay Wife $5,000.00 in attorney's fees as alimony *in solido*. He argues that Wife is not in need of such given the fact that she received approximately one-half of the parties' assets but none of the marital debt, the amount of her monthly net income, and the amount she received from the equity of the marital residence. Furthermore, Husband contends that he does not have the ability to pay the attorney's fee award in that he has no assets except the house, he has filed for Chapter 13 bankruptcy, and he has only approximately $1,670.00 in net income per month out of which he must pay child support of over $500.00 in addition to his living expenses.

Husband also contends that the trial court failed to make any finding as to the criteria used in determining an award of attorney's fees especially fault on the part of Wife. He argues that although both parties were at fault for the demise of the marriage, Wife should not be rewarded for contributing to the divorce and should therefore be responsible for her own attorney's fees. Husband finally argues that Wife's actions protracted the litigation resulting in the amount of her attorney's fees.

On the other hand, Wife asserts that the trial court did not abuse its discretion in ordering Husband to pay a portion of her attorney's fees since she is in need of such an award. She states that, contrary to Husband's figures, she received a negative amount from the division of property in that she received the $15,000.00 debt on her vehicle while Husband received almost all of the value as a result of the division of property. In further support of her contention, Wife asserts that the only liquid asset she received was the $5,000.00 payment for her interest in the equity of the home, that she did not receive periodic or rehabilitative alimony, and that, in addition to the debt on her car, she was left with a $2,858.00 credit card debt and owing approximately $3,500.00 in attorney's fees. Thus, she contends that she does not have the resources to pay the attorney's fees and that she should not be required to use the child support payments or her meager wages from her employment to pay the fees. Wife further asserts that Husband has the greater income, that he has the capability to earn additional monies, and that if she is ordered to pay the fees she will deplete all of the assets she received in the divorce. Finally, Wife argues that many of Husband's actions, rather than actions on her part, caused this matter to be protracted thereby increasing the amount of her attorney's fees. Wife also requests that this Court award her attorney's fees incurred on this appeal.

Attorney fee awards are treated as alimony. *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. App. 1988). In determining whether to award attorney's fees, the trial court should consider the relevant factors in T.C.A. § 36-5-101(d)(1). *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. App. 1992). Where the wife demonstrates that she is financially unable to afford counsel, and where the husband has the ability to pay, the court may properly order the husband to pay the wife's attorney's fees. *Id.*; *Harwell v. Harwell*, 612 S.W.2d 182, 185 (Tenn. App. 1980). Furthermore, the award of attorney's fees is within the sound discretion of the trial court, and unless the evidence preponderates against the award, it will not be disturbed on

5

appeal. *Lyon v. Lyon*, 765 S.W.2d 759, 762-63 (Tenn. App. 1988).     Considering the record as a whole, and all factors involved, and in view of our decision regarding the material debts we do not feel that the trial court abused its discretion in ordering Husband to pay a portion of Wife's attorney fees. Given the status of the parties and the division of property, Wife does not have the resources or ability to pay these fees while Husband has the ability to pay such. Husband's income is greater than Wife's, though not by much, and Husband's bankruptcy payments should be complete thereby increasing his net income. However, we believe that the respective parties should bear the expense of their own attorney's fees for this appeal.

## Child Support

In the Final Decree of Divorce, the trial court ordered Husband to pay Wife child support for the parties' child. In the decree, the trial court stated:

> 3.      Child Support. Husband shall pay to Wife the sum of 21% of his current income or $586.43 as child support per month until the child graduates from high school or attains the age of 18, whichever is later. . . .

Husband contends that the child support award was improperly calculated. He states that his gross earnings from Keebler Company are $2,399.00 per month. He asserts that according to the child support guidelines, the child support award should have been $403.00 per month based on his monthly salary. Furthermore, he states that the trial court also took into consideration his income of $300.00 per month from the renter and $400.00 per month from his lawn service business. Husband submits that such is self-employment income, and, utilizing the guidelines, the child support should have been $124.53 per month from such income. Adding the two amounts together, Husbands avers that the proper amount of child support is $527.53 per month.

Wife submits that the amount of child support awarded was essentially correct. She states, however, that the trial court erred when it failed to use Husband's earning capacity to determine the amount of child support. Wife asserts that Husband is willfully and voluntarily underemployed, and, given this circumstance, child support should have been calculated on the potential income of Husband according to the child support guidelines. She bases this contention on testimony elicited from Husband in which Husband testified as follows:

> The last time we were in Court, which was January of '95, I told the judge, the referee, that I would not do it anymore because I

6

> didn't want her to have the money with me just working my tail
> off all the time. So I haven't gone back to the same amount of
> people that I've had before.

Wife further bases this contention of willful and voluntary underemployment in that Husband had been earning approximately $200.00 per week from his lawn service business and is now only earning $100.00 per week.

She submits that the trial court should have based Husband's gross income for child support purposes on his monthly income from Keebler Company of $2,399.00, his monthly rental income of $300.00 and his potential income from his lawn service business of $866.67. Furthermore, Wife contends that Husband's net income from the following is $2,752.13 and that 21% of such would result in a child support award of $587.39. However, Wife submits that if this Court does not find that Husband was willfully and voluntarily underemployed, she will accept Husband's figure regarding child support of $527.53.

Child support in Tennessee is statutorily governed by T.C.A. § 36-5-101 (Supp. 1998). Section 36-5-101(e)(1) provides that "[i]n making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection." The guidelines referenced are promulgated by the Department of Human Services in Chapter 1240-2-4 of the Official Compilation of the Rules and Regulations of the State of Tennessee.

The presumptively correct amount of support is based upon the obligor's net income. Gross income is calculated in accordance with Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(3), and net income is calculated by subtracting only the deductions allowed by rule 1240-2-4-.03(4). After net income is determined, the presumptively correct amount of support is calculated by taking the percentage of net income that is specified in rule 1240-2-4-.03(5) for the number of children the obligor is to support. For one child, the percentage of net income is 21%. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(5).

Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(3)(a) provides, in pertinent part, as follows:

> Gross income shall include all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to, the following: wages, salaries, . . . and income from self-employment. Income from self-employment includes income from business operations and rental properties, etc., less reasonable expenses necessary to produce such income. . . .

As for net income, Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(4) provides, in pertinent part:

> Net income is calculated by subtracting from gross income of the obligor FICA (6.2% Social Security + 1.45% Medicare for regular wage earners and 12.4% Social Security + 2.9% Medicare for self-employed, as of 1991, or any amount subsequently set by federal law as FICA tax), the amount of withholding tax deducted for a single wage earner claiming one withholding allowance . . ., and the amount of child support ordered pursuant to a previous order of child support for other children. . . .

The guidelines also provide that "[i]f an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(3)(d).

Husband's gross income from his employment at Keebler Company is $2,399.00. From this amount, $1,429.00 is deducted. However, part of the deductions encompass a deduction of $760.00 for bankruptcy payment, a deduction of $26.02 for health insurance, and a deduction of $8.94 for union dues. These deductions are not included in the guidelines as deductions to be considered in calculating net income. *See* Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(4). As such, these deductions are not to be considered in determining Husband's net income for purposes of calculating child support. From a review of the record, it is unclear whether or not these deductions were taken into account in determining Husband's child support obligation.

Moreover, Husband has income from a renter of $300.00 per month and income of $400.00 per month from his lawn service business. According to the guidelines, these amounts should be taken into account in determining gross income. The trial court properly took these amounts into consideration in determining the amount of child support to be awarded. However, it is unclear from the record whether or not these amounts were reduced to take into consideration the amount of withholding to be deducted from this income.

Wife's contention that Husband is willfully underemployed in that he has reduced his number of clients with regard to the lawn service business is rejected. Husband is employed full-time as a truck driver with the Keebler Company. The lawn service business was a part-time endeavor on Husband's part. In essence, Husband has two jobs. Taking this into consideration, this Court does not view Husband's reduction of the number of clients he services in his lawn

service business as willful underemployment on his part given the fact that he is a full-time truck driver. Thus, the amount of income derived from the lawn service business to be taken into consideration is approximately $400.00 per month rather than his potential income from such.

From the record we are unable to determine how the trial court calculated Husband's net in order to set the child support award. As such, it is unclear how the trial court reached the conclusion that child support should be $586.43 per month. However, it does appear that the trial court improperly calculated the amount of child support to be awarded in light of the foregoing. Thus, the decision of the trial court with regard to the amount of the child support award is reversed and remanded for a proper calculation. On remand, the trial court is to determine the amount of Husband's net income from his employment at Keebler Company without considering the bankruptcy deduction, the health insurance deduction or the deduction for union dues. Furthermore, the trial court is to determine Husband's *net* income from his self-employment endeavors (i.e., the income from the renter and the lawn service business). Once these two amounts are determined, they are to be added together and then multiplied by 21% to determine the proper amount of the child support obligation. Pending the trial court's determination of the child support award, the amount presently awarded shall be paid.

Accordingly, the judgment of the trial court concerning child support and marital debts is reversed. The case is remanded for further proceedings consistent with this opinion for the division of the marital debts and the award of child support. The judgement of the trial court is affirmed in all other respects. Costs of the appeal are assessed one-half to appellant and one-half to appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**DAVID R. FARMER, JUDGE**


_____
**DAVID G. HAYES, JUDGE**

9