IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 28, 2012 Session

## LINDA M. PETTIGREW v. DENNIS A. PETTIGREW

**Appeal from the Chancery Court for Hamilton County**
**No. 09-0622      Hon. Jeffrey M. Atherton, Chancellor**

_____

**No. E2011-02706-COA-R3-CV-FILED-NOVEMBER 15, 2012**

_____

In this divorce case, the Trial Court awarded the wife her attorney's fees as alimony in solido. The husband appeals this issue arguing that the wife's property settlement was such that she should pay her attorney's fees out of the property settlement. On appeal, we affirm the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Phillip C. Lawrence, Chattanooga, Tennessee, for the appellant, Dennis A. Pettigrew.

Robin L. Miller, Chattanooga, Tennessee, for the appellee, Linda M. Pettigrew

**OPINION**

**Background**

Plaintiff, Linda Pettigrew ("wife"), filed a Complaint for Divorce against defendant, Dennis Pettigrew ("husband"), and alleged irreconcilable differences. The Complaint stated that the parties' two children were grown, and that they had assets and debts that needed to be divided. She also asked for temporary and permanent support, as she had not been employed for many years, and also sought an award of attorney's fees.

A mediator was appointed, and the parties met but could not resolve their issues.

The Court entered an Order for Partial Distribution of Marital Funds, stating that a hearing was held on the wife's motion, at which the parties announced an agreement on the motion, which the Court adopted. The Court ordered an advance of $500,000 from marital assets to the wife, and the Court directed the husband to select the assets to be liquidated to set aside the amount awarded.

Ultimately, the award was made to the wife, after she had filed a Motion for Contempt upon the husband's refusal to comply with the Court's Order.

Subsequently, the Court entered an Order on the wife's Motion for Temporary Support, Attorney's Fees and Expenses, and found that the wife needed funds to pay her bills and her attorney, and ordered the husband to pay certain bills, and to pay $19,046 in temporary attorney's fees, and that the Court would then determine at a final hearing whether this amount would be considered temporary alimony or an advance on the wife's share of the marital estate.

Upon the trial of the case, the Court said it was reluctant to grant a divorce to one party or the other, because of their conduct, then declared the parties divorced pursuant to Tenn. Code Ann. §36-4-129(b).

The Trial Court adopted the parties' stipulation regarding the division of personal property, and the Court considered the values of the marital estate as well as the factors listed in Tenn. Code Ann. §36-4-121(c) in making an equitable distribution. The Court found that the marriage was of long duration (31 years), that the wife was aged 54 and the husband was aged 64, and that both parties were highly educated, the wife had her master's degree in social work, and was looking for employment as a grief counselor, although she had not worked since 2005 or 2006.

The Court found the husband had been paying the wife monthly support of $3,000, as well as paying the mortgage payments on both residences, and that the wife's income/expense statement showed a need of $7,865, while the husband's showed an overage of $11,242, with his current severance package payments.

The Court found the wife was clearly an economically disadvantaged spouse, and that rehabilitative alimony was not feasible, but found that alimony in futuro was also not appropriate because of the husband's age and employment uncertainties. The Court found that transitional alimony would be the best choice to make the wife self-sufficient. The Court found that, while the husband testified that his employment prospects were not good, he was

an "industrious individual who will not be satisfied with simply retiring." The Court awarded seven years of traditional alimony to the wife, with payments of $4,500 per month in year 1, and then reduced the payments by $500 per year, placing the year seven payments at $1,500.

The court also awarded the wife her attorney's fees as alimony in solido, finding she should not have to deplete her resources to pay her attorney's fees, particularly in light of her lack of employment. The attorney's fees amount was stipulated as reasonable by the parties.

The husband has appealed, and the issue raised on appeal is whether the Trial Court abused its discretion in awarding attorney's fees to the wife who was also awarded sufficient liquid assets from the marital estate to pay her attorney?

The husband argues the Trial Court improperly awarded the fees, because she had been given $500,000 in liquid assets from the marital estate, but he concedes that this type of award is reviewed under an abuse of discretion standard.

This Court can find an abuse of discretion only if the Trial Court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party. *Burton v. Mooneyham*, 2012 WL 1070121 (Tenn. Ct. App. Mar. 29, 2012). This standard does not permit an appellate court to substitute its judgment for that of the trial court, but "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives, and thus envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Gonsewski v. Gonsewski*, 350 S.W.3d 99,105-06 (Tenn. 2011). Accordingly, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court will presume that the decision is correct and will review the evidence in the light most favorable to the decision. *Id.*

In this case, the Trial Court found the husband had a greater earning capacity. Neither party was employed at the time of trial, but the husband was drawing a severance package that gave him $35,000 per month. The Court found that the husband was "industrious", and would not be satisfied to simply retire. The husband had an earning capacity much greater than the wife during the marriage, and had worked more outside the home than the wife. The Court found the marriage was of long duration, and that neither party had any significant health problems that would impact on employment.

The Court also discussed the general rule that a "spouse with adequate property and income is not entitled to an award of alimony to pay attorney's fees and expenses." Citing

*Umstot v. Umstot*, 968 S.W.2d 819, 824 (Tenn. Ct. App. 1997)). The Court further recognized that "[s]uch awards are appropriate only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses, or the spouse would be required to deplete his or her resources in order to pay them. Citing *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992), *Harwell v. Harwell*, 612 S.W.2d 182, 185 (Tenn. Ct. App. 1980). The Court found that, in this case, the wife was unemployed, and payment of her attorney's fees would require her to deplete the resources she was awarded, such that an award of fees as alimony in solido was warranted.

The evidence does not preponderate against these factual determinations. Tenn. R. App. P. 13(d).

We are required to uphold the Trial Court's ruling as long as reasonable minds could disagree about its correctness, and we are not permitted to substitute our judgment for that of the trial court. *Burton v. Mooneyham*, 2012 WL 1070121 (Tenn. Ct. App. Mar. 29, 2012). As such, we cannot say that the Trial Court abused its discretion in awarding the wife her attorney's fees as alimony in solido. The wife had a greater need, and the husband had the ability to pay, and considering this along with all the other statutory factors, alimony in solido in the form of an attorney's fee award was appropriate. We tax the cost of the appeal against the husband, Dennis A. Pettigrew.

_____
HERSCHEL PICKENS FRANKS, P.J.