IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2018 Session

**AUDRA SNAPP OLINGER v. TRAVIS JACKSON OLINGER**

**Appeal from the Circuit Court for Bradley County**
**No. V–16–176      J. Michael Sharp, Judge**

_____

**No. E2017–02133–COA–R3–CV**

_____

In this divorce case, the trial court decreed that husband, Travis Jackson Olinger, would be liable for the attorney's fees and expenses[1] of, his spouse, Audra Snapp Olinger. The court treated the assessing of fees to husband as alimony in solido to wife. A portion of those fees were to be satisfied by transfering to wife husband's interest in the parties' equity in the martial residence. The remainder is to be paid over time with a monthly payment of $370 until husband's obligation is paid in full. The sole issue before us is whether the trial court abused its discretion when it assessed the subject fees to husband. He appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded With Instructions**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY, J., joined. D. MICHAEL SWINEY, C.J., filed a separate opinion, dissenting.

Philip M. Jacobs, Cleveland, Tennessee, for the appellant, Travis Jackson Olinger.

Michael E. Jenne, Cleveland, Tennessee, for the appellee, Audra Snapp Olinger.

**OPINION**

**I.**

Wife filed a complaint for divorce on May 12, 2015. She sought a divorce on the ground of adultery and inappropriate marital conduct. She alleged that husband had been "mentally, emotionally, verbally, and physically abusive to her." Husband filed an

_____

[1] The parties and the trial court treat "attorney's fees" as including expenses of the litigation. We will do the same.

answer on April 12, 2016. He denied wife's allegations. This case was hotly contested over five days. Husband sought, unsuccessfully, to prevent wife from being designated primary residential parent of the parties' child.

As the trial date in February 2017 was approaching, depositions of the parties took place. Soon thereafter, husband agreed to a stipulation acknowledging that wife was entitled to a divorce on the grounds of adultery and the other conduct previously alluded to in wife's complaint.

Ultimately, wife was granted a divorce and designated as the primary residential parent. Husband's time with his daughter was greatly restricted. The trial court found that huband had not been truthful with the court regarding his consuption of alcohol. The court awarded wife child support and divided the parties' property, including the marital residence. Each party was granted half interest in the equity in the martial residence, being $22,622 to each party.

## II.

The trial court's judgment with respect to wife's fees addressed the subject as follows:

> The court specifically finds that Mrs. Olinger lacks sufficient funds to pay her own legal expenses, and the only way she has been able to hire and pay for her attorney is through the generosity of her mother and father. The court finds she is not being awarded substantial funds of liquid assets, and the court finds that she is not being awarded sufficient assets to pay her legal fees, based upon the court's holding as it relates to the distribution of the parties' marital estate.

> \*     \*     \*

> Judgment is entered in favor of Wife and against Husband in the amount of $53,124.86 as related to Wife's attorney['s] fees. Husband's equity in the marital residence in the amount of $22,622.70 shall be credited toward this Judgment leaving a balance of $30,502.16. Husband shall make payments toward this Judgment on or before the 10th day of each month in the amount of [$370.00] per month, and said Judgment shall accrue interest at the rate of 5.5% per annum pursuant to

the Tennessee Commissioner of Financial Institutions Formula on the unpaid balance until paid in full.

(Paragraph numbering omitted.)

### III.

The facts of this case implicate certain statutory provisions:

Tenn. Code Ann. § 36-5-121(d)(5):

Alimony in solido may be awarded in lieu of or in addition to any other alimony award, in order to provide support, including attorney fees, where appropriate.

Tenn. Code Ann. § 36-5-121(h)(1):

Alimony in solido, also known as lump sum alimony, is a form of long term support, the total amount of which is calculable on the date the decree is entered, but which is not designated as transitional alimony. Alimony in solido may be paid in installments; provided, that the payments are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded. The purpose of this form of alimony is to provide financial support to a spouse. In addition, alimony in solido may include attorney fees, where appropriate.

The Supreme Court has held "[t]he decision whether to award attorney['s] fees is within the *sound discretion* of the Court." *Gonsewski*, 350 S.W.3d at 113 (emphasis added) (citing *Crabtree*,16 S.W.3d at 361; *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995)). An award of attorney['s] fees is appropriate "when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses, or the spouse would be required to deplete his or her own resources to pay them." *Gonsewski*, 350 S.W.3d at 113 (citing *Houghland v. Houghland*, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992; *Harwell v. Harwell*, 612 S.W.2d 182, 185 (Tenn. Ct. App. 1980)).

"As with any alimony award, in deciding whether to award attorney fees as alimony *in solido*, the trial [c]ourt should consider the factors enumerated in Tennessee Code Annotated Section 36-5-121(i)." *Gonsewski*, 350 S.W.3d at 113.

Our standard of review in this case compels us to determine whether the trial court abused its discretion:

For well over a century, Tennessee law has recognized that trial courts should be accorded wide discretion in determining matters of spousal support. This well-established principle still holds true today, with this Court repeatedly and recently observing that trial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount, and duration of the award. Equally well-established is the proposition that a trial court's decision regarding spousal support is factually driven [] and involves the careful balancing of many factors. As a result, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision." Rather, "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." Appellate courts decline to second-guess a trial court's decision absent an abuse of discretion. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. This standard does not permit an appellate court to substitute its judgment for that of the trial court, but " 'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.' " Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105–06 (Tenn. 2011) (internal citations and footnote omitted).

## IV.

The cases are legion holding that the need of the requesting spouse and the ability of the other to pay are the most important factors. *See, e.g.* **Burlew v. Burlew**, 40 S.W.3d 465, 470 (Tenn. 2001). The trial court held that wife did not have the resources to pay her attorney's fees. The evidence does not preponderate against that finding. On the other hand, husband's testimony, without more, demonstrates that husband had the resources to

pay the modest amount of $370 per month. The evidence does not preponderate against the trial court's findings of wife's need and husband's ability to pay.

While some of the factors in Tenn. Code Ann. § 36-5-121(i)(1)–(12) are either not implicated by the facts of this case or do not favor one party over the other, two of the factors stand out and are overwhelmingly in favor of wife. Those factors are (1) contributions to the marriage and (2) one-hundred percent fault of husband in the demise of the marriage. As taken verbatim from wife's brief, the following findings of the trial court are fully supported by the evidence in this case:

> This factor [of contributions to the marriage] overwhelmingly supports awarding Wife her attorney fees and litigation expenses. The Court made several specific findings as related to this factor. [] The trial Court found Wife has been the more financially and economically responsible party. [] Wife's income has remained steady throughout the marriage, and in contrast, Husband has changed jobs numerous times during the course of the marriage, and his income until the last 3 years has been far less stead due to Husband changing jobs. [] The Court also found that Wife made far greater financial contributions to the marriage, as well as intangible contributions to the marriage, in part due to Husband's excessive alcohol consumption and his extramarital affairs. [] The Court further found that Wife's parents have made financial contributions to the marriage in excess of $130,000.00, and both parties have benefitted from these financial contributions such as groceries, cell phone bills, and Husband's horse related activities. [] Finally, the Court that [(sic)] but for the significant financial contributions from Wife's parents, it is highly unlikely that the parties would have been able to survive financially, and it is highly likely that the parties would have been forced into bankruptcy.

(Citations omitted.)

There is no evidence in the record that would suggest wife was in any way at fault in the demise of the marriage. Husband finally stipulated to his fault and there was an overwhelming amount of testimony supporting his sole role with respect to the end of this marriage. The dissent is wrong in saying that wife is simply trying to punish husband. Nothing could be further from the truth. Husband's adulterous affairs, his abuse of alcoholic beverages, and his psychological and physical abuse are certainly relevant to our task in this case. As a practical matter, had husband not "strayed," there would

probably not have been a divorce and no attorney's fees to be paid in the first place. Husband's position in this case is an attempt to add "insult to injury."

## V.

The trial court did not abuse its discretion in burdening husband with the payment of wife's attorney's fees. All of the equities in this case favor wife. She "won" essentially all of the contested issues (*i.e.*, grounds and custodial issues). She was the prevailing party. Wife's request for attorney's fees on appeal is consistent with the trial court's assessment for fees at the trial court level. Her request for fees on appeal is granted.

## VI.

The judgment of the trial court requiring husband to pay wife's attorney's fees is hereby affirmed. Costs on appeal are taxed against the appellant, Travis Jackson Olinger. Case remanded to the trial court to set the amount of wife's attorney's fees on appeal.

_____
CHARLES D. SUSANO, JR., JUDGE