Charles Wesley AKINS, Jr., Plaintiff,

v.

Sharyle K. AKINS, Defendant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Nov. 19, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 28, 1991.

Middlebrooks & Gray, P.A. of Jackson
Elam, Glasgow, Tanner & Acree, Union
City, for plaintiff.

Charles H. Barnett and Mark S. Hendrix,
Jackson, for defendant.

CRAWFORD, Judge.

This case is before this Court for the
second time. Plaintiff, Charles Wesley
Akins, Jr. (hereinafter Father) and defen-
dant, Sharyle K. Akins (hereinafter Moth-
er), were divorced in the fall of 1984, and
the final decree as modified awarded Fa-
ther the custody of the parties' four minor
children: Charles, age 14; Melissa, age 12;
Todd, age 10; and Scott, age 9. This
Court, in an Opinion filed July 16, 1985,
among other things affirmed the chancery
court's custody order.

On March 6, 1986, Mother filed a petition
for change of custody. On January 22,
1987, after several evidentiary hearings,
the court found that there had been a
change of circumstances and awarded tem-
porary custody of the four minor children
to Mother. The court also ordered Father
to pay child support for the four children in
the amount of $1,500.00 per month.

On July 27, 1987, Father filed a motion to
reinstate the court's previous judgment
awarding him custody of the children.
This motion was denied by order entered
November 11, 1987. The order also set
specific visitation periods to be exercised
by Father. The visitation periods brought
on more disputes between the parties
which resulted in various motions being
filed. On January 25, 1988, the court again

ordered temporary custody of the four children to Mother and again set specific visitation periods for Father.

On June 24, 1988, Mother filed a petition to award her permanent custody and allow her to move the children to the State of Colorado. In September of 1988, Father filed a motion for permanent custody of the children. Evidentiary hearings were held in October, 1988, and in January, 1989, the chancellor ordered psychiatric evaluations of the parties and the children. In May and June, 1989, more evidentiary hearings were held on the issues regarding child support and alimony. On August 16, 1989, the court entered judgment which, among other things, awarded permanent custody of the three minor children (Charles having reached majority) to Mother allowing Mother to move the children to Colorado, and ordered Father to pay $1,500.00 per month child support for the three minor children. The judgment denied Mother's petition for additional child support and for payment of attorney fees and expenses. Both parties have appealed and we will first consider the issues presented for review by Father.

■ The issues presented for review by Father are whether the chancellor erred in changing custody from Father to Mother and whether the chancellor erred in granting Mother's motion to remove the children from Tennessee. We will consider these issues together.

When the custody controversy started there were four minor children. In January, 1987, when temporary custody was awarded to Mother, there were three minor children. In February, 1990, one of the children reached 18 years of age. Since August, 1989, the two minor children who are involved in this appeal have been with Mother in Colorado. It is uncontroverted that since January of 1987 all of the minor children involved in the proceedings have stated unequivocally that they wanted to live with Mother. In October, 1988, the three children testified in chambers and again reiterated to the chancellor that they wanted to live with their mother and that they wanted to move to Colorado with their mother.

There is evidence in the record that the facilities for physical comforts of the children in Colorado are quite adequate and that they have close family ties in that area. Moreover, it was established in the record that Father has moved and established residency in College Station, Texas, and there apparently is no immediate family of the parties remaining in Obion County, Tennessee.

In child custody cases, the welfare and best interest of the children are the paramount concern and the determination of the children's best interest must turn on the particular facts of each case. *Holloway v. Bradley*, 190 Tenn. 565, 570–572, 230 S.W.2d 1003, 1006 (1950).

Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings we must affirm, absent error of law. Rule 13(d), T.R.A.P.; *Hass v. Knighton*, 676 S.W.2d 554 (Tenn.1984).

We have reviewed the record in the case, which consisted of transcripts of several evidentiary hearings and from this review we cannot say that the evidence preponderates against the finding of the trial court that the best interests of the minor children are served by the award of custody to Mother and their removal to the State of Colorado.

We will now consider the issues presented by Mother.

■ The first issue is whether the trial court abused its discretion in setting child support at $1,500.00 per month.

In the evidentiary hearing preceding the January, 1987, order awarding Mother custody of the four minor children, Mother testified that the minimum expense involved in caring for their four children was $2,517.00. In the January, 1987, order, father was ordered to pay $1,500.00 per month as child support for the four children. Father continued paying $1,500.00 per month child support pursuant to this order after July 19, 1990, when the oldest

child reached his majority. The August, 1989 order, which is the subject of this appeal, awarded child support of $1,500.00 per month for three minor children. As previously noted, in February, 1990, one of the three children reached her majority and Father continues paying $1,500.00 child support.

Mother testified that she has a physical disability which prevents her from being employed as a registered nurse, although she did receive her bachelor degree in nursing over 20 years ago. She has not sought nor obtained other employment and her net income for two years preceding the January, 1987, order was approximately $12,000.00 per year. She testified that she had been using some of her assets on behalf of the children, and although she had a net worth of about $253,000.00 after receiving a division of marital property and other awards in the initial divorce proceeding, her net worth in May of 1989 was approximately $117,928.00, plus the value of her home in Union City of $80,000.00 to $100,000.00.

At the time of the evidentiary hearing in June, 1989, Father had accepted a position with Scott White Clinic in College Station, Texas, and was earning $175,000.00 per year. He had sold the assets of his professional corporation in Union City. Father also has other assets including a retirement trust with a value in excess of $200,000.00. In addition to the monetary child support award, Father is obligated to take care of all the health care expenses for the children and to pay the house note on Mother's home in Union City in the amount of $307.00. Prior to moving to Texas, Father's income from his professional corporation was approximately $120,000.00.

The $1,500.00 child support awarded by the August, 1989, order of the court is deemed pro rated in equal shares among the three children. T.C.A. § 36–5–101(a)(1). Father's obligation for one of the children ceased in February, 1990. However, he continues to pay the total amount awarded.

The trial court is vested with wide discretion in matters concerning support for minor children, *Harwell v. Harwell,* 612 S.W.2d 182 (Tenn.App.1980), and is required to consider all relevant factors, including the factors set out in T.C.A. § 36–5–101(e) (1984). Considering the factors involved, and the wide discretion allowed the chancellor, we feel that the sum of $500.00 per child for support was somewhat low, and that a more realistic figure would be $750.00 per child. Therefore the 1989 order should have provided for child support in the amount of $2,250.00 per month and then reduced to $1,500.00 per month after February, 1990. Mother is awarded judgment in the amount of $5,250.00 representing $750.00 per month arrearage for seven months until the parties' daughter, Melissa, reached her majority.

■ The last two issues presented for review are whether the trial court erred in not ordering Father to pay Mother's attorney fees in the trial court and whether Father should be required to pay Mother attorney fees incurred on appeal.

T.C.A. § 36–5–103(c) (Supp.1990) provides:

(c) The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

The proof establishes a wide disparity in the resources of the respective parties to this proceeding. Father is earning a substantial salary, and Mother is unemployed. Father has adequate provision for his retirement while Mother apparently has no retirement plan. Moreover, the child support award in 1987 was somewhat low and Mother has used some of her assets for the support and maintenance of the family.

Neither party is without fault in allowing their bitterness to permeate the court proceedings and prolong the litigation, but we will not attempt to point the finger at the party most at fault. We do note, however, that Father continued to object to Mother removing the children to Colorado and even presented this removal as an issue on this appeal, although Father himself had moved from Union City to the State of Texas.

Considering all the factors involved, we feel that justice and equity requires that Father pay one-half of the attorney fees and expenses incurred by Mother in the trial court and in this Court on appeal.

In summary, the judgment of the trial court awarding child support for three children in the amount of $1,500.00 per month is modified to award child support in the amount of $750.00 per child per month. Plaintiff, Charles W. Akins, is ordered to pay defendant, Sharyle K. Akins, the sum of $1,750.00 as child support arrearages for the months child support accrued after the August, 1989 order until the parties' daughter reached the age of 18 years. As further modification, plaintiff is ordered to pay to the defendant the sum of $13,555.26 representing one-half of attorney fees and expenses incurred by defendant in the trial court proceedings. Plaintiff is also ordered to pay defendant one-half of the attorney fees incurred by defendant on appeal of this case and this sum shall be determined by the trial court on remand. Costs of the appeal are assessed equally against the parties and the case is remanded to the trial court for such further proceedings as may be necessary.

HIGHERS and FARMER, JJ., concur.