IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2000 Session

## ROBERT LEE CASTLEMAN v. SALLY LUTHER BROWN CASTLEMAN

**Appeal from the Circuit Court for Williamson County**
**No. 96473     Jeffrey S. Bivins, Judge**

_____

**No. M2000-00270-COA-R3-CV - Filed December 21, 2000**

_____

Mother appeals the trial court's denial of her motion to set aside a default judgment awarding divorce to Father, distributing marital property, and awarding custody of the minor child to Father. Because no evidence was heard regarding factors which must be considered by a court in making these determinations, we reverse the trial court's denial of her motion to set aside the default judgment and remand this matter for a trial on the merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM B. CAIN, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Sally Luther Castleman.

Connie Reguli, Nashville, Tennessee, for the appellee, Robert Lee Castleman.

## OPINION

Robert Lee Castleman ("Father") and Sally Luther Brown Castleman ("Mother") married in 1995, a few months after their son was born. The parties separated in July 1996, and Father filed a complaint for divorce. Mother filed an answer and countercomplaint in August 1996. The record indicates that no action was taken on the complaint or countercomplaint until August 1998, when Father filed a motion to amend, in which he alleged that the parties reconciled for a time, but had separated again.

Father filed an amended complaint for divorce on November 9, 1998. He alleged that the parties "have had a very turbulent marriage . . . and have separated and reconciled several times." He sought a divorce, and custody of the parties' son. On January 28, 1999, Mother filed an answer,

in which she denied most of Father's allegations regarding his grounds for divorce and custody, and filed a countercomplaint seeking a divorce and custody of the child. Both parties made various allegations against the other relevant to the issue of custody, each questioning the other parent's fitness while asserting their own.

The final hearing was set and was continued at least twice. Having last been set for 9:00 a.m. the morning of December 3, 1999, the proceedings began at 9:09 a.m. with some preliminary matters. Mother's counsel in this matter arrived moments after the proceedings began. Mother was not present. Her attorney stated that he had told her to be there by 8:30. During the discussion among the trial judge and the attorneys, Mother's attorney received a note and informed the court that Mother had called his office, stating that she would be late. At 9:15, the attorneys and the judge left the courtroom for a discussion off the record. They returned at 9:50, and Father's attorney moved for a default judgment, noting that Mother had not arrived and had "held up four attorneys and quite a courtroom full of witnesses." Father's counsel also stated, "If Ms. Castleman is so inclined to appear in court at sometime in the future, she will have 30 days to file a motion to alter or amend or set aside that judgment."

The court granted the motion for default, noting that "there will be a 30-day period in which-- if she can provide the court with a reasonable excuse as to why she hasn't shown up today, then the court can consider that on a motion to alter or amend the judgment." The trial court entered an order stating, "This court finding that the defendant was given notice of this hearing and has failed to appear grants the oral motion of the plaintiff for default judgment against the defendant/Wife." The court awarded the divorce to Father on unspecified grounds, divided the marital property, and awarded custody of the minor child to Father, with standard visitation to Mother. The order does not include findings of fact, and it is undisputed that no evidence was taken at the hearing.

Mother filed a motion to set aside the default judgment, or in the alternative, to alter or amend, accompanied by her affidavit which stated that she had transportation problems, but had arrived at the courthouse at 10:10 on the morning of the hearing. Her motion to set aside the default judgment was denied. Mother appeals the trial court's refusal to set aside the default judgment.

I.

A judgment by default is a final order disposing of a case on its merits, like any other judgment. *See State of Tennessee ex rel. Jeffrey Jones v. Looper*, No. M1999-00662-COA-R3-CV, 2000 WL 354404 at *3 (Tenn. Ct. App. Apr. 7, 2000) (perm. app. denied Oct. 30, 2000). The Tennessee Rules of Civil Procedure authorize the entry of a judgment by default where a party "has failed to plead or otherwise defend as provided by these rules." *See* Tenn. R. Civ. P. 55.01.

> The essence of a default judgment is that a [defendant] fails to take a step required by a rule of practice or of the court. A default judgment contemplates a lack of responsiveness by defendant such that plaintiff is entitled to judgment as a matter of policy; defendants are not to be allowed to prolong litigation by imposing procedural

delays. The default judgment protects a diligent party from continual delay and uncertainty as to his or her rights.

*Looper*, 2000 WL 354404 at *4 (quoting C.J.S. *Judgments* § 196 (1997)).

Motions for default judgment and motions to set aside default judgments are addressed to the trial court's discretion and generally will not be reversed absent an abuse of discretion. *See Looper*, 2000 WL 354404 at *3. The fact that a decision is discretionary with a trial court necessarily implies that the trial court has a choice of alternatives among a range of acceptable ones; the reviewing court's job is to determine whether the trial court's decision is within the range of acceptable alternatives, given the applicable legal principles and the evidence in the case. *See id.*

Regarding a motion to set aside a default judgment, our Supreme Court has stated, "Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments." *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (quoting with approval *Securities and Exchange Comm'n v. Seaboard Corp.*, 666 F.2d 414 (9th Cir. 1982)). This court echoed that principle, stating, "Trial courts should grant relief whenever any reasonable doubt exists concerning whether the default judgment should be set aside." *Nelson v. Simpson*, 826 S.W.2d 483, 485-86 (Tenn. Ct. App. 1991) (citation omitted).

In this case, the trial court awarded custody to Father on the basis of Mother's failure to appear on time for the hearing. No evidence was taken in Mother's absence regarding Father's fitness as a custodial parent. Mother had filed pleadings defending against Father's complaints for divorce and for custody and had filed countercomplaints asking that the divorce be awarded to her and that custody be granted to her. It was apparent that the issue of custody was strongly contested.

The trial court failed to hear evidence regarding the factors relevant to an award of custody. It also failed to give any consideration to the principles which must guide a custody determination. When called upon to order a custody arrangement, a court must consider many factors and make a custody determination based on the best interest of the child. *See* Tenn. Code Ann. § 36-6-106 (Supp. 2000) (listing several factors for a court to consider). In child custody cases, the welfare and best interest of the child are the paramount concern, and the determination of the child's best interest must turn on the particular facts of each case. *See Akins v. Akins*, 805 S.W.2d 377, 378 (Tenn. Ct. App. 1990) (citing *Holloway v. Bradley*, 190 Tenn. 565, 570-72, 230 S.W.2d 1003, 1006 (1950)).

Where, as here, both parents seek custody, this court has held that the child's best interest is to be determined by using an analysis of the comparative fitness of each parent. *See Bah v. Bah*, 668 S.W.2d 663, 665-66 (Tenn. Ct. App. 1983). "There are literally thousands of things that must be taken into consideration in the lives of young children, and these factors must be reviewed on a comparative approach. . . " *Id.*, 668 S.W.2d at 666. Because the determination of where a child's best interest lies is the result of the consideration of a number of factors in the context of a specific

factual situation, *see Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997), it is particularly fact-driven. *See Rogero v. Pitt*, 759 S.W.2d 109, 112 (Tenn. 1988).

The trial court herein did not base its award on any of the factors it is required to consider by the terms of Tenn Code Ann. § 36-6-106 or by the long line of cases requiring a determination of the child's best interest. In making what is a "particularly fact-driven" decision, the trial court heard no evidence, considered no facts, and made no findings of fact. This situation requires us to find that the trial court's award of custody by default was outside the range of alternatives available to the court and not within its discretion.

Tenn. R. Civ. P. 55.01 recognizes that, even where a default judgment is procedurally authorized, certain issues may be required to be determined after an evidentiary hearing in order to "enable the court to enter judgment." Where custody is disputed and allegations relevant to determination of the comparative fitness of the parents and the best interests of the child have been made and denied, a trial court must hear sufficient evidence upon which to make the findings required.

This court has previously considered whether a change of child custody, made by default judgment, should be affirmed. *See Martin v. Martin*, No. 01A01-9002-GS-00064, 1990 WL 73928 at *5 (Tenn. Ct. App. June 6, 1990) (no Tenn. R. App. P. 11 application filed). In *Martin*, we affirmed the change of custody by default, but the opinion makes clear that the trial court heard proof as to the fitness of the parents. *See id.* at *1 and *4. In that case, the father filed a petition seeking modification of the original custody award to the mother, which the mother did not answer. Only after the default judgment was entered did the mother make her initial appearance, when she sought to have the default judgment set aside. Most importantly, the court in that case heard proof regarding factors relevant to modification of a custody award.

This court set aside a trial court's denial of a husband's motion for a new trial in a divorce case, even where a full trial was held in the husband's absence. *See Mohan v. Mohan*, No. 01A01-9708-CV-00415, 1998 WL 743332 at *4 (Tenn. Ct. App. Oct. 9, 1998) (no Tenn. R. App. P. 11 application filed). In that case, the husband's two motions for a continuance, based on his expressed need to attend to his ailing mother overseas, were denied by the trial court. The husband's attorney was present and the trial proceeded in the husband's absence. The trial court granted the wife a divorce, set child support, and awarded all marital property, custody of the child, and alimony to the wife. *See id.* at *2. This court rejected the husband's characterization of the decision as a default judgment, because the husband "did not fail to plead or defend in this case." *Id.* at *3. This court saw the real issue as "whether the trial court erred in denying the husband a new trial in light of the fact that he was not present at the final hearing." *Id.* We vacated the trial court's judgment "[i]n light of the significance of this decision to both parties and of the prejudice suffered by the Husband at the court's decision . . . to hold the trial without him." *Id.* at *4.

In the case before us, the trial court granted the divorce and made the awards of property and custody with no proof at all, even knowing that Mother had contested a number of issues, including

custody, and that she had notified her attorney that she would be late to the hearing. We find the facts of the case before us even more compelling than those in *Mohan.*

Our courts make no more important decisions than those involving the custody of a child, a decision which must be based on the child's best interest. We cannot sustain an award of custody made without proof relevant to those best interests.

## II.

Although Mother's arguments have involved only the custody award, she seeks to have the default judgment set aside in its entirety. Divorce, other than on the basis of irreconcilable differences, can be granted only upon proof of or stipulation to statutory grounds. *See* Tenn. Code Ann. §§ 36-4-101 and 36-4-129 (Supp. 2000). Neither appears in this record. Similarly, distribution of marital property, in the absence of agreement by the parties, requires factual determinations by the court. *See* Tenn. Code Ann. § 36-4-121(c). The record does not include any of the required findings or any evidence upon which we could review the award.

Because no evidence was heard to allow the trial court to make necessary factual findings to support the judgment, we reverse the trial court's denial of Mother's motion to set aside the default judgment. We further order that the judgment itself is vacated, and that this case is remanded to the trial court for a trial on the merits.

By virtue of our vacating the judgment, any award of custody after a full hearing will be the initial award of custody and should not be considered a modification of a prior award. In the interim, we are reluctant to subject the child to greater instability in his environment than he has already suffered. Therefore, we order that the child remain in the primary physical custody of the Father, with standard visitation to the Mother, unless and until the trial court establishes a different custody arrangement, after a hearing, through either a temporary or final award.

Costs of this appeal are taxed against Appellee, Robert Lee Castleman for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE