IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2025

## DUSTIN KEITH GAMBLE v. MADISON DARLENE GAMBLE

**Appeal from the Chancery Court for Dyer County**
**No. 23-CV-244      Tony Childress, Chancellor**
_____

**No. W2024-01001-COA-R3-CV**
_____

This is an appeal from a divorce proceeding. The mother appeals, arguing, among other things, that the trial court failed to properly apply the statutory best interest factors when making its parenting plan determination. Because of the lack of findings in the final decree, we vacate and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Madison Darlene Gamble, Dyersburg, Tennessee, pro se.

Dean P. Dedmon and W. Lewis Jenkins Jr., Dyersburg, Tennessee, for the appellee, Dustin Keith Gamble.

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

In May 2023, Dustin Keith Gamble filed a complaint for divorce against his wife, Madison Darlene Gamble. The complaint asserted that the parties had one minor child and that Mr. Gamble should be designated primary residential parent. An attached proposed parenting plan provided that Mr. Gamble would have 285 days of parenting time, and Mrs. Gamble would have 80 days. In February 2024, Mr. Gamble filed an amended complaint and revised proposed parenting plan. He asserted that the parties had recently had a second child, and his proposed parenting plan suggested that the parties both be named "joint

primary residential parents" of the children with 182.5 days of parenting time each.

In May 2024, Mr. Gamble filed a motion for default judgment. After a hearing, the trial court entered an order granting the motion for default judgment, finding that Mrs. Gamble was duly served and failed to appear. On June 3, 2024, after another hearing, the trial court entered a final decree of divorce and permanent parenting plan. The divorce decree states, in its entirety:

> This cause came on to be heard on the 3rd day of June, 2024, before the Honorable Tony Childress, upon the original Complaint, the Amended Complaint, the Proposed Parenting Plan and the Motion for Default Judgment, and the testimony of the Petitioner introduced in open Court, and upon the entire record in this cause, from all of which the Court finds as follows:
> 1.     The Respondent was properly noticed at her last known address for the hearing on Petitioner's Motion for Default held on May 28, 2024, and failed to appear.
> 2.     The parties are hereby divorced pursuant to T.C.A. § 36-4-101(a)(3) and (11).
> 3.     The parties shall abide by the terms and conditions of the Permanent Parenting Plan Order attached hereto as Exhibit "A".
> 4.     Each party shall retain their separate individual accounts, including retirement accounts, already held in their individual names.
> 5.     The parties have no joint debt or own any real estate.
> 6.     The parties shall file their income taxes separately for the tax year 2024 and in accordance with the Permanent Parenting Plan Order entered herein.
> 7.     The parties shall be responsible for any and all debts in their individual names and shall hold the other party harmless from the same. Pursuant to Tenn. Code Ann. § 36-4-134, the parties are notified that the Final Judgment of Divorce does not necessarily affect the ability of a creditor to proceed against, or a party's property, even though the party is not responsible under the terms of this Order for an account, any debt associated with an account or any debt. It may be in the party's best interest to cancel, close or freeze any jointly held accounts.
> 8.     After thirty (30) days have elapsed from the date of entry of the Final Judgment of Divorce by the Clerk and Master, and if there has been no appeal or other activity on behalf of either party, the relationship of attorney and client shall terminate as between the parties hereto and their respective attorneys of record.
> 9.     The Respondent shall pay any unpaid court costs, if any exist.

The attached parenting plan named Mr. Gamble as primary residential parent and provided

that Mrs. Gamble would have 80 days of parenting time, but it provided that her parenting time every other weekend must be supervised by "Dustin Gamble and/or Sophia Gamble," at Mr. Gamble's residence.

Proceeding pro se, Mrs. Gamble timely filed a notice of appeal. She filed a notice that no transcript was being filed because "no official transcript was recorded or is available from the hearing on May 28, 2024."

## II. ISSUES PRESENTED

Mrs. Gamble presents two issues for review in her pro se brief on appeal:

1. Whether the trial court failed to properly apply the factors outlined in Tennessee Code Annotated § 36-6-106, considering the 'best interest of the children', when modifying the proposed parenting plan in the absence of relevant admissible evidence or testimony; and

2. Whether the trial court erred in exercising its discretion by deviating from the proposed parenting plan without evidentiary support, in contravention of the Tennessee Rules of Civil Procedure 55.01, which governs modifications to parenting plans.[1]

Mr. Gamble presents the following issues in his brief on appeal:

1. The trial court entered a default judgment against Defendant-Appellant Madison Gamble, and she did not raise the issue of setting aside the default judgment.

2. After hearing evidence on June 3, 2024, the trial court entered a parenting plan that was appropriate and was in the best interest of the minor children, and the failure of Madison Darlene Gamble to present any record of the evidence taken by the trial court in reaching that decision results in a conclusive presumption of the correctness of that decision and the judgment

---

[1] Within her brief, Mrs. Gamble also argues that the trial court violated her due process rights. However, we deem this issue waived because it was not listed as an issue presented for review. *See Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024) ("[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4).") (quoting *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012)). We further note that Mrs. Gamble cited no legal authority in support of this argument aside from quoting the due process clauses. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010); *see also Purifoy v. Mafa*, 556 S.W.3d 170, 192-93 (Tenn. Ct. App. 2017) (concluding that an appellant "waived any issue on appeal regarding the violation of his due process rights for failure to construct an appropriate argument in his brief," as "the only legal authority he cites *about due process* is the due process clause itself, which he quotes on one page").

based on that decision.

3.      The brief of Madison Darlene Gamble is deficient under the Rules of Appellate Procedure, and the deficiencies preclude any practical consideration of the issues raised in this appeal.

For the following reasons, we vacate the decision of the chancery court and remand for further proceedings.[2]

## III.   DISCUSSION

### A.   *Briefing Requirements*

We begin with Mr. Gamble's argument that this Court should not reach the merits of Mrs. Gamble's appeal due to deficiencies in her pro se brief on appeal. Mr. Gamble notes that Mrs. Gamble's brief does not contain citations to the record in the argument section (although it does in the facts section), nor did it include a section addressing the appropriate standard of review on appeal, as required by Tennessee Rule of Appellate Procedure 27.

The Tennessee Supreme Court recently gave appellate courts the following guidance as to briefing deficiencies:

> Appellate litigants have an obligation to file briefs that comply with all applicable rules, including the rules requiring record citations in both the statement of facts and argument sections of the brief. *See* Tenn. R. App. P. 27(a)(6), (7); Tenn. Ct. App. R. 6(a)(4), (b). But this Court has repeatedly emphasized that the overall intent of the appellate rules is "to disregard technicality in form in order to determine every appellate proceeding on its merits." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024). "A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice." *Johnson v. Hardin*, 926 S.W.2d 236, 238-39 (Tenn. 1996). Given "the importance of applying the Rules of Appellate Procedure to reach a just result," *Trezevant*, 696 S.W.3d at 531, Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process, *see* Tenn. R. App. P. 2 (giving appellate court discretion to suspend rules); Tenn. Ct. App. R. 1(b) (same for Court of Appeals rules).

*DiNovo v. Binkley*, 706 S.W.3d 334, 336 (Tenn. 2025). In *DiNovo*, our Supreme Court

---

[2] We also note that Mr. Gamble originally raised a fourth issue regarding whether the notice of appeal was timely filed, but he has since abandoned that argument upon learning that the notice of appeal was sent via priority mail. We likewise conclude that the notice of appeal was timely filed.

concluded that this Court had "unreasonably declined to consider DiNovo's appeal based on his failure to repeat record citations in the argument section of his brief." *Id.* It explained that this Court "should have disregarded the technical deficiency with DiNovo's brief and considered his arguments on the merits," as the appellant's "failure to repeat his record citations in the argument section of his brief did not prejudice Southern or otherwise frustrate the Court of Appeals' ability to conduct meaningful appellate review." *Id.* The Court explained that cases in which courts had found waiver "usually involve egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal." *Id.* at 337. "In contrast," the Court explained, "appellate courts ha[d] appropriately soldiered on to consider a party's arguments when [] the party's brief simply fail[ed] to repeat record citations in the argument section that [were] readily available in earlier sections." *Id.* Ultimately, the Court advised that "courts always must reasonably exercise their discretion in this context, keeping firmly in mind Tennessee's longstanding policy favoring resolution of appeals on the merits." *Id.*

Keeping these principles in mind, we decline to find waiver in this instance given Mrs. Gamble's failure to repeat record citations in her brief and her failure to include a standard of review section. *See, e.g.*, *Lyles v. Titlemax of Tenn. Inc.*, No. W2017-00873-SC-WCM-WC, 2018 WL 4440609, at *2 (Tenn. Workers Comp. Panel Sept. 14, 2018) (proceeding to consider the merits of an appeal even though the brief failed to contain a standard of review section or "appropriate references to the record," as it cited to an affidavit that was appended to the brief but was also in the record); *JCR, LLC v. Hance*, No. E2022-00765-COA-R3-CV, 2023 WL 5528597, at *3 n.2 (Tenn. Ct. App. Aug. 28, 2023) *perm. app. denied* (Tenn. Mar. 6, 2024) (noting that an appellate brief did not comply with Rule 27(a)(7)(B) of the Tennessee Rules of Appellate Procedure in that it failed to include a statement of the standard of review but proceeding to consider the issues raised on appeal); *S. Steel & Concrete, Inc. v. S. Steel & Constr., LLC*, No. W2020-00475-COA-R3-CV, 2022 WL 1115033, at *6 n.6 (Tenn. Ct. App. Apr. 14, 2022) (same).

### B.    *Default Judgment & Custody Determination*

Next, we consider the issues presented by the parties regarding the trial court's custody determination after entry of the default judgment. The first issue presented on appeal by Mrs. Gamble was "[w]hether the trial court failed to properly apply the factors outlined in Tennessee Code Annotated § 36-6-106, considering the 'best interest of the children', when modifying the proposed parenting plan in the absence of relevant admissible evidence or testimony." She also asserts that "the trial court erred in exercising its discretion by deviating from the proposed parenting plan without evidentiary support." However, Mr. Gamble argues that Mrs. Gamble "fails to appeal from the default judgment, and without relief from that judgment, Ms. Gamble is not entitled to any other relief."

In *Castleman v. Castleman*, No. M2000-00270-COA-R3-CV, 2000 WL 1862836,

at *1 (Tenn. Ct. App. Dec. 21, 2000), a trial court granted a motion for default judgment in a divorce case when a mother failed to appear for a hearing, and the court awarded primary custody of the child to the father without hearing any evidence or making any findings of fact. On appeal, we explained:

> The trial court failed to hear evidence regarding the factors relevant to an award of custody. It also failed to give any consideration to the principles which must guide a custody determination. When called upon to order a custody arrangement, a court must consider many factors and make a custody determination based on the best interest of the child. *See* Tenn. Code Ann. § 36-6-106 (Supp. 2000) (listing several factors for a court to consider). In child custody cases, the welfare and best interest of the child are the paramount concern, and the determination of the child's best interest must turn on the particular facts of each case. *See Akins v. Akins*, 805 S.W.2d 377, 378 (Tenn. Ct. App. 1990) (citing *Holloway v. Bradley*, 190 Tenn. 565, 570-72, 230 S.W.2d 1003, 1006 (1950)).
> . . .
> The trial court herein did not base its award on any of the factors it is required to consider by the terms of Tenn Code Ann. § 36-6-106 or by the long line of cases requiring a determination of the child's best interest. In making what is a "particularly fact-driven" decision, the trial court heard no evidence, considered no facts, and made no findings of fact. This situation requires us to find that the trial court's award of custody by default was outside the range of alternatives available to the court and not within its discretion.
> Tenn. R. Civ. P. 55.01 recognizes that, even where a default judgment is procedurally authorized, certain issues may be required to be determined after an evidentiary hearing in order to "enable the court to enter judgment." Where custody is disputed and allegations relevant to determination of the comparative fitness of the parents and the best interests of the child have been made and denied, a trial court must hear sufficient evidence upon which to make the findings required.
> . . .
> Our courts make no more important decisions than those involving the custody of a child, a decision which must be based on the child's best interest. We cannot sustain an award of custody made without proof relevant to those best interests.

*Id.* at *3-4. In *Castleman*, we noted that this Court had affirmed a change of custody made by default in *Martin v. Martin*, No. 01A01-9002-GS-00064, 1990 WL 73928 at *5 (Tenn. Ct. App. June 6, 1990), but we explained that the *Martin* opinion made clear that the trial court "heard proof as to the fitness of the parents." *Id.* at *3. We also noted that the mother in *Martin* did not make an initial appearance until after the default judgment was entered,

but "[m]ost importantly," we emphasized that "the court in that case heard proof regarding factors relevant to modification of a custody award." *Id.*

"Because no evidence was heard to allow the trial court to make necessary factual findings to support the judgment" in *Castleman*, we vacated the order and remanded to the trial court for a trial on the merits. *Id.* at \*4. We also explained that "[b]y virtue of our vacating the judgment, any award of custody after a full hearing will be the initial award of custody[.]" *Id.* This Court later summarized *Castleman* as holding that "a default judgment without taking evidence is inappropriate when [the] court is required to award custody on the basis of the child's best interest." *C.J.H. v. A.K.G.*, No. M2001-01234-COA-R3-JV, 2002 WL 1827660, at \*8 n.6 (Tenn. Ct. App. Aug. 9, 2002).

More recently, we addressed a similar issue in *Lawson v. Stewart*, No. M2016-02213-COA-R3-CV, 2017 WL 4331043, at \*1 (Tenn. Ct. App. Sept. 28, 2017), which involved a petition to modify an existing parenting plan. In *Lawson*, the father failed to timely file an answer, so "the trial court entered a default judgment against Father, and without conducting an evidentiary hearing, adopted Mother's proposed parenting plan *in toto*." *Id.* Its order stated that the proposed parenting plan attached to the petition and served on the father was "hereby approved." *Id.* On appeal, the father argued that "the trial court erred in modifying the parties' existing permanent parenting plan without hearing any evidence and without considering the relevant factors as provided by Tennessee Code Annotated Section 36-6-106." *Id.* at \*2. At the outset, we acknowledged that "default judgments are permitted in custody modification proceedings." *Id.* at \*3. However, we explained that "the entry of a default judgment has the effect of an answer admitting the well-pleaded material allegations of fact contained in the adversary's pleadings and fair inferences therefrom," and it "is in no way an admission of legal conclusions or matters of law [.]" *Id.* (quotations omitted). We explained:

> Because Father suffered a default judgment, the allegations contained in Mother's complaint are considered admissions.
> However, *even in cases where a trial court has entered a default judgment*, Tennessee Code Annotated Section 36-6-101 mandates that the trial court engage in a highly-factually-intensive, two-step analysis before modifying an existing parenting plan order. *See* Tenn. Code Ann. § 36-6-101(a)(2)(B); *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at \*2 (Tenn. Ct. App. Dec. 27, 2012). First, the trial court must determine whether a material change in circumstances has occurred since the entry of the existing parenting plan. *See* Tenn. Code Ann. § 36-6-101(a)(2)(B); *Hardin*[, 2012 WL 6727533, at \*2]. . . . Second, upon finding that a material change in circumstances has occurred, the trial court must determine whether modification of the existing parenting plan is in the child's best interest. *Id*. In proceeding with the second step of the analysis, the trial court must consider the proof presented by the parties in light of the

factors designated by Tennessee Code Annotated Section 36-6-404(b). Tenn. Code. Ann. § 36-6-106(a) ("The court shall consider all relevant factors."). "In child custody cases, the welfare and best interest of the child are the paramount concern, and the determination of the child's best interest must turn on the particular facts of each case." *Castleman v. Castleman*, No. M2000-00270-COA-R3-CV 2000, WL 1862836, at *3 (Tenn. Ct. App 2000) (citing *Akins v. Akins*, 805 S.W.2d 377, 378 (Tenn. Ct. App. 1990)). We have held previously that the statute "requires the trial court to consider all the applicable factors" and order a custody arrangement that permits both parents to enjoy the maximum participation possible in the life of the child. *See* Tenn. Code. Ann. § 36-6-106(a); *Hardin*, 2012 WL 6727533, at *2 (citation omitted). Because the circumstances of every child are unique, the trial court must engage in a particularly fact-driven analysis before determining whether modification of an existing parenting plan is in the child's best interest. *See, e.g., Castleman*, 2000 WL 1862836, at *3 (citation omitted). Furthermore, "this Court has encouraged trial courts to be as precise as possible in making child custody findings in order to facilitate meaningful appellate review." *Id*. The trial court itself must determine whether modification is in the child's best interest—delegation of the duty is not permissible. *See Stricklin*, 490 S.W.3d at 18; *Fletcher v. Fletcher*, No. M2010-01777-COA-R3-CV, 2011 WL 4447903, at *10 (Tenn. Ct. App. Sept. 26, 2011) ("We hold only that the trial judge, and the trial judge alone, has the solemn duty to determine whether a given parenting arrangement is in the best interest of a child in his charge, and that the record must reflect a sufficient basis for such a determination.").

Here, the trial court did not conduct an evidentiary hearing and accepted Mother's revised parenting plan by default. The only evidence available for the trial court to consider were Father's admissions of the allegations in Mother's complaint. As we previously stated, "the entry of default has the effect of an answer admitting the well-pleaded material allegations of fact contained in the adversary's pleading and fair inferences therefrom." *See H.G. Hill*, 428 S.W.3d at 34 (citation omitted). Accordingly, the question in this case is whether Mother's complaint avers facts sufficient to form a basis for the trial court to conclude that: (1) a material change in circumstances occurred thereby providing grounds for modification of the parties' existing parenting plan; (2) modification would be in the best interest of the child taking into account each of the statutorily required factors; and (3) the parties' relative incomes support modification of their child support obligations.

Father attacks the legal sufficiency of the aforementioned allegations/admissions to support the relief awarded by the trial court. Even while taking the allegations in Mother's complaint as true, we are unable to conclude that the pleadings alone aver sufficient facts to support the trial

court's modification of the existing parenting plan order and Father's child support obligation in this case. Moreover, the trial court's order fails to make specific findings mandated by Tennessee Code Annotated Section 36-6-106.

As set out above, the trial court's order contains no findings to support the conclusion that there was a material change in circumstances or that modification of the custody plan was in the best interest of the child. Indeed, the default order does not indicate that the trial court considered any of the factors required by Tennessee Code Annotated Section 36-6-106. In making what is a particularly fact-driven determination, the trial court heard no testimony, considered only Father's limited admissions, and made no findings of fact. *See, e.g., Castleman*, 2000 WL 1862836 at *3. As we have stated previously, "[t]his omission is in clear contravention of the court's duty to make findings of fact and conclusions of law pursuant to Rule 52.01, as well as its duty to consider all applicable factors when making a best interest determination." *See Hardin*, 2012 WL 6727533, at *2 (citation omitted).

*Id.* at *4-5 (emphasis added). In the absence of Rule 52 factual findings, we vacated the order and remanded. *Id.* at *5.

Finally, in *Kelly v. Kelly*, No. M2023-00598-COA-R3-CV, 2025 WL 1178680, at *2 (Tenn. Ct. App. Apr. 23, 2025), we considered a case in which a trial court had entered a default judgment against a husband as a discovery sanction. However, the court also conducted a hearing at which the wife testified about matters regarding the children. *Id.* Based on that testimony, the trial court adopted a permanent parenting plan. *Id.* Its final decree stated that the wife's proposed plan "[wa]s in the best interest of the minor children and shall be made an order of the Court," but in making this finding that the plan was in the children's best interest, "the court did not reference any of the statutory best interest factors." *Id.* at *6. We agreed with the husband's argument on appeal that "the court's findings concerning the children's best interest are insufficient." *Id.* However, given that the record contained a transcript and the proof consisted of uncontested testimony of a single witness, we elected to review the record to determine how the proof related to each of the applicable statutory best interest factors. *Id.* From our review, we concluded that the plan was in the children's best interest. *Id.* at *8. *See also Swick v. Swick*, No. E2020-00661-COA-R3-CV, 2021 WL 1132246, at *1, *4-5 (Tenn. Ct. App. Mar. 25, 2021) (explaining, despite the entry of a default judgment against the father, that the trial court was required to consider the statutory best interest factors in determining which party should be designated primary residential parent but finding it apparent that the court did so).

These cases demonstrate that, even in cases where a trial court has entered a default judgment, a trial court has a duty to consider the relevant best interest factors and make findings of fact and conclusions of law to support its custody decision. *See Lawson*, 2017

WL 4331043, at *5 ("the trial court's order fails to make specific findings mandated by Tennessee Code Annotated Section 36-6-106"); *Castleman*, 2000 WL 1862836, at *3 ("The trial court herein did not base its award on any of the factors it is required to consider by the terms of Tenn Code Ann. § 36-6-106 or by the long line of cases requiring a determination of the child's best interest."); *see also* Tenn. Code Ann. § 36-6-101(a)(2)(A)(i) ("Unless both parents have agreed to a custody arrangement and parenting plan, orders for custody arrangements must include written findings of fact and conclusions of law to support the basis for the order.").[3] Returning now to the issue presented on appeal by Mrs. Gamble, she argues that "the trial court failed to properly apply the factors outlined in Tennessee Code Annotated § 36-6-106, considering the 'best interest of the children', when modifying the proposed parenting plan in the absence of relevant admissible evidence or testimony." She also argues that "the trial court erred in exercising its discretion by deviating from the proposed parenting plan without evidentiary support." From our review of Mrs. Gamble's pro se brief, her argument, as we perceive it, is that the trial court failed to properly apply the best interest factors and failed to hear any proof from the parties.

Mr. Gamble points out that the trial court *did* take proof before entering its final divorce decree and parenting plan. Although Mrs. Gamble did not file a transcript or statement of the evidence on appeal, the final decree states that the matter was heard upon "the testimony of [Mr. Gamble] introduced in open Court." Thus, Mr. Gamble argues that "the trial court undertook the very responsibility placed on it by this Court and Tennessee law: it heard the evidence from the only party who appeared before it and made a determination about the best interest of the minor children based on that evidence, and then it entered a parenting plan carrying its determination into effect." We agree that the final order confirms that the trial court did hear testimony from Mr. Gamble prior to entering its order. As such, any arguments raised by Mrs. Gamble about the absence of any testimony are meritless.

Still, Mrs. Gamble also argues that the trial court "failed to properly apply the factors outlined in Tennessee Code Annotated § 36-6-106, considering the 'best interest of the children[.]'" She correctly asserts that "Tennessee courts are required to consider the best interests of the child when making custody determinations." Mr. Gamble suggests in his brief that the trial court "made a determination about the best interest of the minor children" before entering the parenting plan, but there is simply nothing in the limited record before us to confirm this assertion. The final decree of divorce spans only two pages and merely states, regarding parenting issues, "The parties shall abide by the terms and conditions of the Permanent Parenting Plan Order attached hereto as Exhibit 'A'." The only mention of

---

[3] We recognize that Tennessee Code Annotated section 36-6-101(a)(2)(A)(i) was amended in 2021 to add the language referenced above. However, it is worth noting that these provisions extend only to instances where "both parents have agreed" to a custody arrangement, and not to default judgment proceedings.

"best interest" is a statement that "[i]t may be in the party's best interest to cancel, close or freeze any jointly held accounts." A parenting plan is attached, but there is no mention of the best interest of the child or the statutory factors, nor is there any explanation as to why the trial court limited Mrs. Gamble to only supervised visitation. Thus, we agree with Mrs. Gamble that the trial court failed to properly apply the best interest factors.

Mr. Gamble argues that Mrs. Gamble should not be permitted to raise this argument on appeal because "[her] brief fails to appeal from the default judgment, and without relief from that judgment, Ms. Gamble is not entitled to any other relief." He argues that Mrs. Gamble "remains in default," meaning that she admitted all the material allegations of the complaint against her. So, according to Mr. Gamble, Mrs. Gamble's "failure to appeal the default judgment entered against her . . . preclude[s] consideration of the issues raised in this appeal." As we have explained above, however, the trial court had a duty to make a best interest finding even after the entry of default judgment. *See Lawson*, 2017 WL 4331043, at *5; *Castleman*, 2000 WL 1862836, at *3. As such, Mrs. Gamble's failure to appeal the entry of the default judgment does not preclude her from arguing on appeal that the trial court failed to make the required best interest finding.

Finally, Mr. Gamble argues on appeal that Mrs. Gamble cannot succeed in her arguments because she failed to file a transcript or statement of the evidence on appeal. Again, we are not persuaded. This Court has rejected similar arguments. In *Hardin*, 2012 WL 6727533, at *1, a trial court failed to make a specific finding regarding a child's best interest. However, "Father argued that the trial court's failure to make findings of fact and conclusions of law on the best interest issue was excused when Mother failed to file a transcript or statement of the evidence with her appeal." *Id.* at *3. Specifically, he argued that "Mother's failure to file a transcript or statement of the evidence requires this Court to presume that the trial court's decision is supported by the evidence, despite the trial court's failure to make findings of fact and conclusions of law." *Id.* at *4. We concluded that "Mother's failure to properly file a transcript or statement of the evidence does not trump the trial court's failure to follow the mandates of Rule 52.01 by making detailed findings of fact and conclusions of law on the fact-intensive issue of what is in the best interests of the child." *Id.* at *5. Thus, we vacated and remanded "for the entry of an order on the best interest issue that complies with Rule 52.01." *Id.* at *3.

Likewise, in *Alkhateeb v. Alhouwari*, No. W2020-01582-COA-R3-CV, 2022 WL 468125, at *3-4 (Tenn. Ct. App. Feb. 16, 2022), a final decree of divorce had a parenting plan attached, but the decree itself was "entirely silent as to the parenting plan." It contained no discussion of "the factual and legal basis upon which the trial court made its decision concerning [the plan's] contents" and "no findings indicating whether the parenting plan was in the best interests of the children." *Id.* at *3. We explained that "we cannot afford the trial court's ordered parenting plan any presumption of correctness because its final decree fail[ed] to make any findings that would be sufficient under the requirements of Rule 52.01." *Id.* at *4. Thus, "despite Husband's contention that 'there is

a conclusive presumption that a trial court's findings of fact are correct when no transcript or statement of the evidence is filed,' as is the case here, 'when the trial court does not make specific findings of fact, no presumption of correctness arises because there was nothing found as a fact which we may presume correct.'" *Id.* at *3 (quoting *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015)). Even in the absence of a transcript or statement of the evidence, we vacated the decree "insofar as it pertain[ed] to the parenting plan" and remanded for entry of an order containing appropriate findings of fact and conclusions of law. *Id.* at *4.

In conclusion, the trial court in this case made no finding as to best interest, nor does its order reflect that it considered any of the applicable factors in ruling that Mr. Gamble should be named primary residential parent, and this Court has held that "[t]his omission is in clear contravention of the trial court's duty to make findings of fact and conclusions of law pursuant to Rule 52.01, as well as its duty to 'consider all the applicable factors' when making a best interest determination." *Hardin*, 2012 WL 6727533, at *3 (quoting *Murray v. Murray*, No. M2009-01576-COA-R3-CV, 2010 WL 3852218, at *8 (Tenn. Ct. App. Sept. 28, 2010)). We vacate the judgment of the trial court to the extent that it "orders the parties to abide by the terms and conditions of the Permanent Parenting Plan Order attached hereto as Exhibit 'A.'" We remand this case for entry of a Permanent Parenting Plan and an order containing appropriate findings of fact and conclusions of law regarding the best interest of the children. Because the original hearing took place in June 2024, "the trial court may, in its discretion, hold a new hearing on this issue, if it concludes that a new hearing is warranted." *Hardin*, 2012 WL 6727533, at *6 n.2; *but see Alkhateeb*, 2022 WL 468125, at *4 (quoting *Stricklin v. Stricklin*, 490 S.W.3d 8, 19 (Tenn. Ct. App. 2015)) ("[W]hen a trial court is directed to reconsider an issue on remand that includes the circumstances of children and their parents, the trial court should endeavor to ascertain and give effect to the parties' actual circumstances."); *Lawson*, 2017 WL 4331043, at *6 (same). Any remaining issues are pretermitted.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the trial court is vacated and remanded. The terms of the Permanent Parenting Plan entered on June 3, 2024, will remain in effect until further orders of the trial court. Costs of this appeal are taxed to the appellee, Dustin Keith Gamble, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE